Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3647 | **DATE** | 2/1/2001 |
| **CASE TITLE** | Hillman vs. Chicago School Reform Board | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order granting defendant's motion for summary judgment on the retaliation claim and denying the motion as to the disability discrimination claim. Pretrial order is due by 3/2/01. Response to any motions in limine due by 3/16/01. Pretrial conference set for 3/30/01 at 4:00 p.m. Jury trial set for 4/9/01 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 02 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 2/1/2001 date mailed notice | |
| | Copy to judge/magistrate judge. | DOCKETING 01 FEB -1 PM 6:11 | | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT HILLMAN, )
 )
 Plaintiff, )
 )
v. ) No. 99 C 3647
 )
CHICAGO SCHOOL REFORM BOARD, )
 )
 Defendants. )

**DOCKETED**

**FEB 0 2 2001**

## MEMORANDUM OPINION AND ORDER

Robert Hillman was a security monitor at Jackie Robinson School, managed by the defendant Board. He was hired in 1985. He lost a leg in 1989, went on medical leave, and returned to work in December 1991. In January 1992, the principal at the school informed Mr. Hillman and the Career Service Personnel Office that he was unable to physically fulfill the requirements of his position because it involved stair climbing, which Mr. Hillman says had not previously been part of his job. He was told to apply for a leave of absence in February 1992, and then transferred for a month to Gary School in March 1992, and then to the Central Office as a Clerk Trainee with a provisional appointment.

In July 1992, Mr. Hillman filed a charge of disability discrimination with the Illinois Department of Human Rights ("IDRH") with the above allegations. He was laid off in September 1996, and filed his EEOC and IDHR charges in a timely way, receiving his right-to-sue letter in March 1999. He sued under the



Americans with Disabilities Act, 42 U.S.C § 12101 *et seq.* ("ADA"), alleging that he was discriminated against because of his disability and retaliated against by being laid off for having openly opposed disability discrimination. The Board moves for summary judgment. I deny the motion in part and grant it in part.

Mr. Hillman's pleadings are not the best, but I am to treat pro se pleadings liberally, "view[ing] the[m] . . . with an understanding eye," *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). While I am "not to become an advocate, it is incumbent on [me] to take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to [dispose of them] . . . on technical grounds." *Id.*

The defendants argue, first, that Mr. Hillman's retaliation claim cannot be sustained because too great a time elapsed between the events of 1992, including his initial IDRH complaint, and Mr. Hillman's layoff in 1996. however. "If the plaintiff has evidence from which one may reasonably infer that her former employer waited in the weeds for five or ten years and then retaliated against her for filing an EEOC charge, we see no difficulty with allowing the case to go forward." *Veprinsky v. Fluor Daniel, Inc.*, 87 F.3d 881, 891 & n.6 (7th Cir. 1996). But there is no such evidence here. I grant summary judgment to the defendants on the retaliation claim.

Second, the defendants say that Mr. Hillman's claim of disability discrimination fails because any such claim was not in

2

the scope of his original EEOC complaint. He responds that after he filed cha[r]ges, he was briefly reassigned to another school, then reassigned to the Central Office as a Clerk Trainee with a provisional appointment. He says "[t]hat is like . . . starting a new job[. I] can[']t carry over my years of service, making me lowest person on the list." Basically, Mr. Hillman argues that he was discriminated against by being demoted to a Clerk Trainee without seniority because of his disability, which then made him vulnerable to a layoff.

The Board admits that he lost his seniority. It does not dispute the rather suspicious circumstances that led to the transfer, including the new stair climbing requirements, the decree that Mr. Hillman was unable to do his old job, and the transfers after Mr. Hillman had been medically certified as ready to work. The Board offers some evidence that it was making an effort to offer reasonable accommodation to a disabled employee, but a rational jury might wonder why he had to lose his seniority, and believe he was being set up to be fired because of his disability. The Board does not argue that there was no other job that Mr. Hillman might have been able to do where he could have retained his seniority if for some reason he could not keep it as a Clerk trainee. That alone might be enough reason for a jury to find for him. In any event which story to accept is, as usual, a jury question, given that Mr. Hillman has produced enough of a basis

3

that a rational jury might find for him if it believed his version of the events.

Mr. Hillman's promising theory was not raised as such in the EEOC complaint. The question then is whether it is in the "scope" of the complaint, that is, whether it is "like or reasonably related to" the allegations contained in the EEOC complaint, *Cheek v. Peabody Coal Company*, 97 F.3d 200, 202 (7th Cir. 1996), and "reasonably could have developed from the EEOC's investigation of the charges before it." *Id.* Mr. Hillman's ADA discrimination argument depends on the adverse job action that he suffered being the transfer with loss of seniority, which made him more vulnerable to layoff, not immediately the layoff itself.

A careful reading of Mr. Hillman's EEOC complaint shows that he asserts two kinds of adverse job action: (1) retaliatory layoff, and (2) some other discrimination--not the layoff--that formed the predicate for the retaliation. That other discrimination must be the transfer or demotion with loss of seniority that led to the layoff. This alleged discrimination was in part the subject of Mr. Hillman's 1992 IDHR complaint, which discusses the new requirements that formed the basis of his transfer. This allegation is "like or reasonably related to" the allegations of the EEOC complaint, and indeed, is partly incorporated into that complaint by reference. The details could reasonably have developed from the EEOC investigation into Mr. Hillman's 1996 complaint.

In contrast, the plaintiff in *Cheek* "asserted only disparate treatment [in her EEOC complaint] and did not in any way advert to sexual harassment," so that the EEOC charges were "completely unrelated to those that underlie her harassment charges. . . . [The plaintiff had neither] raised the claim or even its seeds before the EEOC." *Id.* at 202-03. Mr. Hillman does not have two unrelated theories. The EEOC charges connected with the layoff are not completely unrelated to the loss of seniority: they are causally connected and partly incorporated by reference. Mr. Hillman can fairly be said to have raised the "seeds" of the theory he now urges. For a pro se plaintiff, that is "within the scope" of the complaint.

The defendant's final argument is that it had a nondiscriminatory reason for discharging Mr. Hillman, namely, that he was "RiFfed," fired as part of a reduction in force (a "RiF"), one of 60 employees thus laid off in September 1996, and not because of any discriminatory reason. However, the predicate for Mr. Hillman's layoff, according to the defendant's own admission, is that he had the least seniority in his position because of his short tenure as a Clerk Trainee. That, however, is not a nondiscriminatory reason if the reason that he lost his seniority was because of discrimination. An employer cannot demote someone to a lower seniority job for an illegal reason, then fire him because he lacks seniority, and avoid liability under the discrimination

5

laws. That would create a loophole the size of Brazil through which a discriminatory employer could drive his illegal designs in getting rid of employees he does not want for prohibited reasons.

I GRANT the defendant's motion for summary judgment on the retaliation claim, but DENY the motion for summary judgment on the disability discrimination claim.

ENTER ORDER:

*Elaine E. Bucklo*
Elaine E. Bucklo
United States District Judge

Dated: February 1, 2001

6

Copies have been sent to:

Robert Hillman
1616 E. 55th Street
Chicago, IL 60615

Plaintiff

Taryn Springs
Chicago School Reform Board
125 S. Clark Street, #700
Chicago, IL 60603

Attorney for Defendant